**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES M. RANDELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV358 HEA |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Respondent has filed his Response to the Court's Order to Show Cause. [Doc. No. 10]. Petitioner has filed a Traverse. [Doc. No. 16]. For the reasons set forth below, the Petition will be denied and dismissed.

**Background**

At around 1:30 in the morning on May 1, 2008, Petitioner violently attacked a woman ("victim") as she walked from a bar to her car. During the attack, the victim offered her purse to Petitioner. Petitioner did not respond to the victim's offer, but, after unsuccessfully trying to get into the victim's car while holding her against the car, he eventually picked up the purse and fled.

Petitioner was convicted by a jury of one count of second degree robbery and one count of resisting a lawful detention on September 2, 2009. He was sentenced on October 30, 2009 to eighteen years in prison. Petitioner filed a direct appeal, arguing insufficiency of evidence from which a juror could find beyond a reasonable doubt that he used physical force when he stole the victim's purse or that his struggle with victim was for the purpose of preventing her resistance to

his taking of the purse. The Missouri Court of Appeals affirmed Petitioner's conviction on February 15, 2011.

Petitioner filed a motion for post-conviction relief on April 26, 2011, which was amended on September 11, 2011, arguing that he received ineffective assistance from his appellate counsel, who failed to raise the trial court's denial of one of Petitioner's *Batson* challenges, and from his trial counsel, who failed to file a request for a change of judge. The trial court denied the motion on February 23, 2012, and the Missouri Court of Appeals affirmed on January 22, 2013.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the

state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

## Grounds for Relief

As a basis for relief under this federal habeas corpus application Petitioner asserts that (1) insufficient evidence was presented at trial from which a a juror could find that the elements of second degree robbery had been proven beyond a reasonable doubt; (2) his appellate trial counsel was ineffective because he failed to raise the trial court's denial of one of Petitioner's *Batson* challenges; and (3) his trial counsel was ineffective because he failed to request a change of judge.

Respondent asserts that all of Petitioner's grounds for federal habeas relief lack merit.

## Discussion

**A.    Ground One**

Petitioner argues in Ground One that the trial court and appellate court erred in finding that there was sufficient evidence from which a juror could find that the elements of second degree robbery had been proven beyond a reasonable doubt. These findings were not based on unreasonable determinations of the facts in the light of the evidence presented at trial. Accordingly, Ground One is denied.

Missouri law defines robbery in the second degree as forcibly stealing property. Mo. Rev. Stat. § 569.030. A person "forcibly steals" when, in the course of stealing, "he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or

overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft." Mo. Rev. Stat. § 569.010. Petitioner concedes that there was sufficient evidence that he stole the victim's purse, but contends that there was insufficient evidence from which a juror could find, beyond a reasonable doubt, that he used physical force when he stole the victim's purse or that his struggle with the victim was for the purpose of preventing her resistance to his taking of the purse. Specifically, he argues:

> The evidence was that Petitioner struggled with the victim and unsuccessfully attempted to force her into a car [sic] that as he was running away he picked up the victim's purse, which was lying on the ground; thus, the purse was not forcibly taken since the victim no longer had it when he picked it up, and the evidence did not show that his earlier struggle with her was done for the purpose of preventing her resistance to the taking of the purse, particular [sic] since during the earlier struggle she attempted to get him to take the purse without his asking for it and he did not take it at that time.

[Doc. No. 1 at 5].

The Missouri Court of Appeals relied on precedent for the propositions that "it is not necessary that the force or threat of force immediately accompany the taking" and that "there is sufficient evidence to support a finding of 'purpose' under the forcible stealing definition if the 'force continued from the beginning to the end of the episode and the formation of the intent to steal occurred during the continuation of that force and in reliance on that force.'" *See* Respondent Exhibit F at 3–6 (citing *Martin v. State*, 187 S.W.3d 335, 340 (Mo. Ct. App. 2006); *Missouri v. Elliot*, 987 S.W.2d 418, 420 (Mo. App. Ct. 1999); *Missouri v. Workes*, 689 S.W.2d 782, 784 (Mo. Ct. App. 1985); *Missouri v. Meyer*, 694 S.W.2d 853, 856 (Mo. Ct. App. 1985); *Missouri v. Elliot*, 638 S.W.2d 330, 332 (Mo. Ct. App. 1982)).

"[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's

presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not enjoy support in the record. *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005) (quoting 28 U.S.C. § 2254(e)(1), and citing *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)). The scope of the Court's review of a habeas argument based on sufficiency of the evidence is "extremely limited." *Id.* (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). It is irrelevant whether this Court believes the evidence adduced at trial established guilt beyond a reasonable doubt, but rather "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979).

In considering the evidence presented at trial, viewed in the light most favorable to the prosecution, and precedent cited by the Missouri Court of Appeals, the Court finds that a rational trier of fact could have found that Petitioner used force when he stole the victim's purse and that he used the force for the purpose of preventing her resistance. Accordingly, this Court cannot find that the state court findings were unreasonable determinations of the facts in light of the evidence presented. Ground One is, therefore, denied.

**B.     Ground Two**

Petitioner argues in Ground Two that he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise the trial court's denial of Petitioner's *Batson* challenge to the prosecution's peremptory strike of a venireperson. Petitioner brought this argument in his motion for post-conviction relief and in his appeal of that motion's denial. For the reasons that follow, the findings of the motion court and appellate court were neither contrary to, nor an unreasonable applications of, clearly established federal law. Accordingly, Ground Two is denied.

To establish a claim of ineffective assistance of counsel, a movant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, under the "performance" component, the movant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Id.* at 687. Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, under the "prejudice" component, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for a defendant to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Taken together, AEDPA and *Strickland* establish a "doubly deferential standard" of review. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1410 (2011) (internal quotation omitted). When the Missouri Court of Appeals considered Petitioner's ineffective assistance of counsel argument, in the context of his post-conviction relief appeal, that court considered whether there was a "reasonable probability" that, but for his appellate counsel's alleged deficient performance, he would not have been convicted. The Missouri Court of Appeals found that Petitioner received effective assistance from his appellate counsel under *Strickland*. Under AEDPA, the Court must give substantial deference to this finding.

During *voir dire*, the State used one of its peremptory challenges to strike an African American woman named Ms. Blake. Petitioner's trial counsel raised a *Batson* challenge,[1] and the trial court held a hearing on the issue. The Missouri Court of Appeals explained:

> The State offered Ms. Blake's relationship with her cousin as in its reason for striking her. When the State asked if anyone had a relative who had gone to prison or jail, Ms. Blake stated her cousin was in prison for murder. Ms. Blake informed the court that she was very close to her cousin and described him as "her heart." Ms. Blake stated she attended her cousin's trial in Michigan and had gone several times to Michigan to visit him in prison. Additionally, Ms. Blake stated Movant looked familiar to her and that she might have seen his picture in the newspaper. The State distinguished Ms. Blake's position from other jurors with family members in prison and Movant's trial counsel did not offer any similarly situated jurors who were not struck. Additionally, the State noted that a white female juror who had a family member in prison at the time of Movant's trial had been struck by the State.
>
> Here, the record establishes that the State offered a raceneutral reason for striking Ms. Blake that was more than an unsubstantiated denial of discriminatory purpose. Additionally, the State struck other similarly situated venire persons and the defense conceded it did not see any other similarly situated venier persons who were not struck. Accordingly, we find that there is no reasonable probability Movant would have prevailed on direct appeal had the issue been raised.
>
> Therefore, the motion court did not clearly err in denying Movant's claim his appellate counsel was ineffective for failing to appeal the trial court's denial of Movant's *Batson* challenge.

[Respondent Exhibit K at 4–5].

Petitioner argues that the State's strike of Ms. Blake was pretextual and racially motivated and notes that there were only four African Americans on the panel, and the State struck two of them, including Ms. Blake. However, as noted by the Missouri Court of Appeals—and as Petitioner concedes in his Petition—the State struck similarly-situated white females from the panel. The only similarly situated white female not struck was distinguishable because her relative in prison was an Aunt by marriage, who was in prison for killing the venireperson's uncle. The state courts found that there was not a reasonable probability that Petitioner would

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986) (a defendant can establish an equal protection violation when peremptory challenges are used to remove venirepeople because of race).

have prevailed on direct appeal on this issue and, therefore, that Petitioner's appellate counsel was not ineffective in failing to raise this issue on direct appeal.

Under the "doubly deferential" standard of Strickland and AEDPA, the Court finds that the state courts' findings that Petitioner's appellate counsel was not ineffective under *Strickland* for failing to raise the *Batson* issue, was not contrary to, or an unreasonable application of, clearly established federal law. Ground Two is, therefore, denied.

**C.     Ground Three**

Petitioner argues in Ground Three that he was denied effective assistance because his trial counsel failed to file for a change of judge. Petitioner brought this argument in his motion for post-conviction relief and in his appeal of that motion's denial. The Missouri courts held that Petitioner was not denied effective assistance of counsel. The findings of the post-conviction relief motion and appellate courts were neither contrary to, nor unreasonable applications of, clearly established federal law. Accordingly, Ground Three is denied.

Petitioner's argument is based on his claim that the judge was biased and prejudiced, because the judge previously presided over a case in which Petitioner was convicted and sentenced to thirteen years for stealing. Petitioner presents no facts supporting his belief that the judge was in fact biased against him, or acted in any fashion displaying this alleged bias. *See Bannister v. Delo*, 100 F.3d 610, 614 (8th Cir. 1996) (noting that judges are presumed to be impartial, and that defendant's bear a "substantial burden in proving otherwise.") (internal quotation omitted)). Further, Petitioner cites no case law for the proposition that the same judge should not preside over a criminal defendant's trial if he has previously presided over the same defendant's prior trial. There is case law, however, for the contrary proposition—that a trial judge's impartiality is not de facto questioned based on his or her familiarity with the defendant

by virtue of prior proceedings. *See, e.g.*, *Jones v. United States*, 400 F.2d 892, 894–95 (8th Cir. 1968); *Barry v. Sigler*, 373 F.2d 835, 836 (8th Cir. 1967).

Thusly, Ground Three is denied.

**D.      Petitioner's Traverse**

Petitioner's Traverse raises arguments not raised in his Petition. For this reason alone, they should be denied. However, even when considered, these new arguments are wholly without merit. First, Petitioner argues that, because he was found not guilty of the charged count of attempted kidnapping, there was insufficient evidence for his robbery in the second degree conviction, which contains some overlapping elements. This argument has no basis in the law, or in common sense. Further Petitioner argues that his rights were somehow violated because the charges against him began as two separate cases which were later consolidated. He appears to argue that this was a violation of Missouri criminal procedural law. However, arguments that do not claim a violation of federal law are not cognizable in a federal habeas petition. *See, e.g.*, *Middleton v. Roper*, 455 F.3d 838, 852 (8th Cir. 2006).

**E.      Certificate of Appealability**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued. Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 14th day of May, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE